**HOTEL DIEU HOSPITAL, Petitioner,**

v.

**Guadalupe HUERTA and Salvador Huerta, Respondents.**

No. C–1118.

Supreme Court of Texas.

July 21, 1982.

Grambling, Mounce, Sims, Galatzan & Harris, Sam Sparks, El Paso, for petitioner.

Bert Williams, El Paso, for respondents.

ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is a negligence suit. A maintenance employee of the hospital sexually assaulted Mrs. Huerta while she was hospitalized. Mrs. Huerta and her husband seek to hold the hospital liable for negligent acts and omissions related to the assault. The jury failed to find negligence in five of the six counts alleged. In the sixth count the jury found that a failure to act was negligence, but failed to find such failure was a proximate cause. The court of appeals reversed judgment on the jury verdict for the hospital and remanded the cause for new trial, holding the trial court erred in giving its sole proximate cause instruction. 636 S.W.2d 208. We agree with that holding.

As appellee in the court below and petitioner in this Court, Hotel Dieu Hospital preserved and presented by proper assignments of error the issues of whether there was any evidence to support submission of each negligence and proximate cause issue. The court of appeals did not address and did not decide these issues. These no evidence issues raised by the hospital's crosspoint could be dispositive of this case, and the court of appeals should have ruled on them. Rule 451.[1] Since the decision of the court of appeals conflicts with Rule 451, we grant the application for writ of error and, without hearing argument, reverse the judgment of the court of appeals and remand the cause to that court for determination of the issues presented, in accordance with this opinion. Rule 483; *Baldeschwilder v. Bonham*, 529 S.W.2d 770 (Tex.1975).

---

1. All references to rules are to the Texas Rules of Civil Procedure.