Tammy Gilbreath **TYRRELL,** Socorro Urias, Rebecca Patterson, and Barbara Russell, Appellants,

v.

Kenton Steven **MAYS,** a minor, By and Through his representative parents and next friends, **Mark MAYS** and Lisa **Mays,** Appellees.

No. 08–93–00412–CV.

Court of Appeals of Texas, El Paso.

July 14, 1994.

Rehearing Overruled Aug. 10, 1994.

Robert L. Hargett, C. Dean Davis, Davis & Davis, P.C., Austin, for appellants.

John H. Rowley, Richard, Lee, Rowley, Cobb & Hall, P.C., El Paso, for appellees.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

This is an interlocutory appeal from a denial of summary judgment based on the theories of official and sovereign immunity. Appellees (parents) brought suit against Appellants (four nurses of the Culberson County Hospital) for the negligent post-natal care of their minor son. We affirm.

### The Facts

On September 21, 1984, Appellants were employees of Culberson County Hospital in Van Horn, Texas when Lisa Mays gave birth to Kenton Mays by way of a Caesarean-section. Kenton Mays had problems immediately following his birth, including cyanosis, flaccid appearance, slowness in beginning spontaneous respiration, and necessity of resuscitation with an oxygen mask. He was ultimately transferred by helicopter the following day to the neonatal intensive care unit at Providence Hospital in El Paso, Texas.

Appellees claim that due to the inadequate care Kenton Mays received from Appellants, he suffered hypoglycemic respiratory distress, and as a result of Appellants' negligence, sustained significant permanent brain damage.

Upon Appellees filing this nursing negligence suit, Appellants filed a motion for summary judgment arguing that as nurses employed by a government-run hospital, they

were officially immune from suit, or in the alternative, they were entitled to summary judgment under the doctrine of sovereign immunity. The trial court denied Appellants' request in its entirety.

Appellants filed this interlocutory appeal and in two points of error, assert that the trial court erred in denying their motion for summary judgment because as nurses in the employ of Culberson County Hospital, a government-run unit, they are officially immune from suit, or in the alternative, they are immune under the doctrine of sovereign immunity.

### Standard of Review

The applicable standard of review for summary judgment is familiar: (1) The movant for summary judgment has the burden of showing that there is no issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Spencer v. City of Dallas*, 819 S.W.2d 612, 615 (Tex. App.—Dallas 1991, no writ). When a defendant moves for summary judgment on the basis of his affirmative defense, he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The question on appeal is, then, did Appellants establish as a matter of law their non-liability for the alleged negligence by reason of some form of immunity.

### Official Immunity

The underlying purpose of official immunity is that government officials might be free to exercise their duties without fear of damage suits—suits which would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Armendarez v. Tarrant County Hosp. Dist.*, 781 S.W.2d 301, 305 (Tex.App.—Fort Worth 1989, writ denied).

In order to establish entitlement to the protection of official immunity, a government employee such as each Appellant here must show the following:

(1) she occupies a position of quasi-judicial status;

(2) she acted in good faith; and

(3) she acted within her authority as a quasi-judicial employee.

*Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 48 (Tex.App.—Houston [1st Dist.] 1993, n.w.h.); *Gonzalez v. Avalos*, 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993, writ granted); *Eakle v. Texas Dep't of Human Services*, 815 S.W.2d 869, 875 (Tex. App.—Austin 1991, writ denied). Government employees are subject to suit if their acts are "ministerial" acts involving mere obedience of orders or performance of duties requiring nongovernmental choices, as opposed to "discretionary" acts requiring personal deliberation, decision, and judgment involving the government. *Hatley v. Kassen*, 859 S.W.2d 367, 374 (Tex.App.—Dallas 1992, writ granted). It is the involvement of discretionary acts which makes a position quasi-judicial. *Gonzalez*, 866 S.W.2d at 349. Appellants base their official immunity claim on their status as employees of the County Hospital, a political subdivision of the state, as well as their good faith execution of duties within the course and scope of that official employment. The courts, however, have analyzed the quasi-judicial nature of the duties executed by medical personnel employed by the government on the basis of whether, although literally involving the exercise of discretion, those duties are uniquely different from those engaged in the same duties in the private sector or where no function unique to the government is being exercised. *Armendarez*, 781 S.W.2d at 306; *Hatley*, 859 S.W.2d at 374; *Wheeler*, 866 S.W.2d at 48.

*Armendarez v. Tarrant County Hospital District* was the first to address the question of whether medical personnel are entitled to official immunity. In a case involving a medical malpractice action against doctors as the result of alleged negligence in connection with the birth of a baby, the Court held that medical doctors are not entitled to protection as quasi-judicial officers unless their duties

constituted a function unique to government or unless they were uniquely different from the duties of those practicing medicine in the private sector. *Armendarez,* 781 S.W.2d at 306–07. The Court reasoned that the purpose of official immunity is not served when an employee has the same duty and therefore no greater risk of liability than an employee performing the same duties in the private sector. *Id.* at 306. The Court said, "the threat of a lawsuit would not deter a doctor in the fearless and vigorous exercise of medical discretion any more than it would a doctor in private practice." *Id.* The Court addressed the criticism, asserted by Appellants here as well, that its decision is a departure from established Texas rules affording immunity to those exercising quasi-judicial discretion. The Court said their decision was not a departure, but a clarification in keeping with the basic purpose of the immunity doctrine, that being the discretion which must be exercised by the employee seeking official immunity must be uniquely governmental in nature. *Id.* at 307.

In *Hatley v. Kassen,* the Court followed the reasoning of *Armendarez* and applied the governmental/occupational function distinction to hold that a government-employed psychiatrist's acts in that case were not quasi-judicial in nature, as they were not different from a psychiatrist's acts in private practice or not uniquely governmental in nature. *Hatley,* 859 S.W.2d at 375. The Court said that the governmental/occupational function distinction often favors individual citizens by allowing them to file tort claims for injury or death caused by government-employed physicians over the need to immunize government-employed physicians to promote the effective administration of government. *Id.* at 374. Interestingly, concerning a nurse sued in the same action, the Court said, "Generally, nurses have few discretionary duties and usually perform ministerial functions under the supervision and orders of their superiors." *Id.* at 379. *Estate of Burks v. Ross,* 438 F.2d 230, 235 (6th Cir.1971). "A government-employed nurse engages in the same endeavors as a nurse in private practice and, therefore, engages in *ministerial* acts for purposes of official immunity." [Citations omitted]. *Id.* at 379–80. [Emphasis added].

Another case which involved nurses asserting official immunity was *Wheeler v. Yettie Kersting Memorial Hospital.* Recognizing that almost any act might be said to involve discretion, the Court followed *Armendarez* and applied the governmental/occupational function test to determine whether the nurses occupied a position of quasi-judicial status. *Wheeler,* 866 S.W.2d at 48. The Court said, "The rationale also serves the public policy that the mere fact of governmental employment, without more, should not automatically insulate one from any and all liability for his or her negligent acts." *Id.*

■ Most other cases which have dealt with the discretionary/ministerial analysis are distinguishable because they have involved functions which have no private sector counterpart. *See e.g., City of Lancaster v. Chambers,* 883 S.W.2d 650 (1994) (police officers engaging in a high-speed chase was a discretionary act); *Chapman v. Gonzales,* 824 S.W.2d 685 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (acts of personnel director of county sheriff's department in assisting applicant during test were discretionary); *Carpenter v. Barner,* 797 S.W.2d 99 (Tex.App.—Waco 1990, writ denied) (constable was discharging discretionary public duty within scope of his authority). In such cases, the official or employee is executing duties uniquely governmental in nature, and the purpose of immunity is served in order to not allow the threat of a lawsuit to deter the public employee from vigorously and effectively administering the policies of government.

We find the reasoning of *Armendarez* and its progeny persuasive in situations where the duties of a public employee are basically the same as those performing the same function in the private sector, and those duties are not uniquely governmental in nature. *See Armendarez,* 781 S.W.2d at 309 (opinion on rehearing). In such instances, the mere fact of employment, much like "accident of birth," should not be the dispositive factor, in this case imparting immunity. Such would be tantamount to granting license to commit negligence, which is an untenable position.

Since there is no summary judgment proof indicating Appellants' duties were unique to government or uniquely different from those providing the same services in the private sector, Appellants are not entitled to protection as quasi-judicial status. Appellants' Point of Error No. One is overruled.

### Sovereign Immunity

█ In their second point of error, Appellants assert, in the alternative, they are immune from suit under the doctrine of sovereign immunity. This might be true if Appellants were sued in their official, as opposed to individual capacities, as suits against state officials in their official capacities are in all respects suits against the state, and only the legislature may waive immunity from such suits. *Thomas v. Collins*, 853 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1993, writ denied). This concept was clearly set forth in *Baker v. Story:*

> Historically, this doctrine [sovereign immunity], as its name implies, shields the sovereign from liability. Where the question concerns the liability of a governmental officer or employee, rather than the liability of the sovereign itself, the problem is one of official immunity, not of sovereign immunity. Whether public servants enjoy immunity from liability for their torts is a question distinct from that of the immunity of the sovereign itself.

*Baker v. Story*, 621 S.W.2d 639, 643 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.).

█ Appellees non-suited Culberson County Hospital from the litigation, thereby making the present action a suit against Appellants in their individual capacities. Sovereign immunity does not apply to suits against individuals; therefore, the doctrine of sovereign immunity is inapplicable to Appellants under the fact situation of the case at bar. Appellants' Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.