**Carla N. SCHULLER, Appellant,**

v.

**John Kent SWAN, Appellee.**

**No. 13–94–028–CV.**

Court of Appeals of Texas, Corpus Christi.

July 27, 1995.

Rehearing Overruled Dec. 21, 1995.

---

Jeffrey D. Roerig, Brownsville, for appellant.

James D. Selman, III, McAllen, Keith C. Livesay, McAllen, for appellee.

Before SEERDEN, C.J., and HINOJOSA and COLLEY[1], JJ.

## OPINION

COLLEY, Justice.

### I. INTRODUCTION

In this summary judgment case, appellant appeals from a trial court order denying her motion for summary judgment.[2] Initially appellant filed in this court her original brief on February 7, 1994, presenting but one point of error (vis)., "The trial court erred in not granting her motion for summary judgment by denying her affirmative defense of [official] Qualified Immunity." With leave of court, she filed her supplemental and amended brief on September 8, 1994, presenting a second point of error by alleging that, "the trial court erred in not granting [appellant's] motion for summary judgment by failing to rule as a matter of law that the remarks of appellant, ... do not constitute defamation." We overrule both points of error and affirm the trial court's order as it relates to the points of error presented.

### II. FACTUAL SUMMARY

So that the reader may better understand this opinion, we summarize the pertinent facts and circumstances shown by the summary judgment evidence, to wit:

Appellee was employed by the City of San Benito as Chief of Police on December 2, 1989. On December 3, 1991, appellant was appointed acting City Manager of the city. At the time of her appointment, other trial

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. As permitted by Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1995).

defendants were: Gilberto Galvan was Mayor, Rene Montalvo, Sr. and Heriberto a/k/a "Eddie" Gonzalez were elected City Commissioners, and William D. Maples was a former City Commissioner, having been defeated in his May 1991 bid for re-election.

In January 1992, appellant instigated investigations into the operations of the municipal departments of San Benito. According to Schuller's own affidavit and deposition testimony produced before the trial court, she stated that she had received information from largely unnamed sources that some, mostly unidentified, police officers were somehow involved with illegal drug transactions and sexual liaisons with fellow officers. In her deposition testimony, Schuller said she told the press and other public media that she had reported such alleged misconduct to the area Drug Enforcement Administration and the Federal Bureau for Investigation, but gave no specifics to the press as to whom she gave the information or their location. In fact she never could identify in her deposition testimony on close examination. She could not identify the names of the D.E.A. or F.B.I. officers or investigators to whom she talked on these occasions. She did say she gave no specifics to the press or media, i.e., as to the names, places, etc.; however, the summary judgment evidence produced by appellee shows that Schuller did in fact publicly publish that she was informed and reported to the D.E.A. and F.B.I. that some San Benito police officers were engaged in misconduct involving drug use and dealing, and sexual improprieties between officers, all of which was "tolerated" by appellee and other officers of the police department of San Benito. Afterwards, according to summary judgment evidence produced by appellee, such statements were quoted on the radio and in the newspapers serving the city. At least two newspapers and one radio station of San Benito made those quotes. Appellee's summary judgment evidence also shows that at a public meeting of the police department at which the press was represented, appellant stated that appellee had tendered his resignation as Chief of Police, this remark was quickly denied by Swan who was also present. The record reveals that Swan presented summary judgment evidence contradicting appellant's deposition testimony that she never told the press or other media that she was personally conducting an investigation of the drug dealings or sexual improprieties by the police department.

## III. STANDARDS OF REVIEW

In summary judgment cases all evidence must be considered in favor of the non-movant and every reasonable inference therefrom must be indulged in favor of the non-movant. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex.1972); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

Indeed, when the credibility of the movant is raised, a summary judgment is improper. *Casso v. Brand,* 776 S.W.2d 551 (Tex.1989) and *Garza v. Smith,* 860 S.W.2d 631 (Tex.App.—Corpus Christi 1993, no writ).

Moreover, in summary judgment proceedings the reviewing court must carefully determine that an appellant movant has established, as a matter of law, his right to the summary judgment sought. When a fact issue material to the case has been raised by the non-movant, a jury or fact finder must decide the issue in a conventional trial. *Hatley v. Kassen,* 859 S.W.2d 367, 372 (Tex.App.—Dallas 1992), *rev'd on other grounds,* 887 S.W.2d 4 (Tex.1994). A movant for summary judgment on the basis of an affirmative defense must either conclusively disprove an essential element of the non-movant's plaintiff's cause of action, or establish conclusively "all the elements of her defense". *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972).

## IV. FIRST POINT OF ERROR

Appellant Schuller argues that in her conduct in communicating the alleged slanderous statements to the media (press and radio), she was acting in a governmental capacity. Appellee contends that her conduct shows that she was acting in a proprietary function and thus is not entitled to said immunity. Appellant answers that she was acting in a governmental capacity; whether or not she was in such conduct acting in a

proprietary function is of no consequence. We disagree with her position. Clearly, even the statute itself, TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215(a), (b) (Vernon Supp.1995) leads to a contrary position. See also *City of Houston v. Kilburn*, 849 S.W.2d 810 (Tex. 1993) and *Carpenter v. Barner*, 797 S.W.2d 99, 102 (Tex.App.—Waco 1990, writ denied); *Sarmiento v. City of Corpus Christi*, 465 S.W.2d 813 (Tex.Civ.App—Corpus Christi 1971, no writ).

Moreover, while TEX.CIV.PRAC. & REM.CODE § 101.0215(a), (b) lists 33 governmental functions of a City, it also lists three proprietary functions, clearly indicating that proprietary functions are not extinct in municipal corporations in the law of this State. Clearly, even as appellant has argued, the lists are not exclusive. That is, the functions are not limited to the functions listed in the subsections a and b. In fact, it appears that the courts of this state may be free to determine the very question here presented, i.e., were the remarks and statements of appellant to the public media governmental or proprietary functions?

In her supplemental and amended brief, the appellant seizes upon the decision in *City of Lancaster v. Chambers*, 883 S.W.2d 650 (Tex.1994), claiming that the so called "new" good faith test of an actor, that relates to state immunity law is an objective one and that the court has clearly adopted the federal "objective good faith" test to determine the state law of official immunity from suit or liability. In *Chambers*, the court says,

> Governmental employees are entitled to official immunity from suits arising from the performance of their (1) discretionary duties in (2) [objective] good faith as long as they are (3) acting within the scope of their authority. *Baker v. Story*, 621 S.W.2d 639, 644 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.) (citation omitted).

*Id.* at 653.

A recent Court of Appeals case, *Tyrrell v. Mays*, 885 S.W.2d 495, 499 (Tex.App.—El Paso 1994, writ dism'd w.o.j.) has held that in a summary judgment case where the movant seeking immunity did not produce:

summary judgment proof indicating Appellant's [movant's] duties were ... uniquely different from those providing the same services in the private sector, Appellants [therefore] are not entitled to protection....

It appears to this Court that this rule is particularly applicable to summary judgment cases and we hold that the same is true in this case as was true in *Tyrrell*, that is to say no summary judgment evidence was presented by Schuller to show that her slanderous remarks, accusations without proof, were unique to the City Manager's job or were uniquely different from the private sector in making such communications, and therefore should not be protected by official immunity. We conclude that her public communications were the performance of a proprietary function for the City so therefore we overrule her first point of error.

## V. SECOND POINT OF ERROR

■■■ By this point, appellant contends that none of her alleged public communications were defamatory in character but were only expressions of her opinion of appellee and the police department of San Benito. She cites *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654–55 (Tex.1987) correctly for the proposition that whether a given statement is defamatory is a law question, but in making that determination the Court must look at "how a person of ordinary intelligence would perceive the entire statement." *Id.* Appellant then cites *Einhorn v. LaChance*, 823 S.W.2d 405 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.), for the proposition that an opinion can never be defamatory. See also *Schauer v. Memorial Care Systems*, 856 S.W.2d 437, 447 (Tex. App.—Houston [1st Dist.] 1993, no writ).

After carefully reviewing the record we conclude that the alleged slanderous remarks of appellant were not opinion but could well be false assertions of fact that strictly imply that appellee condoned and ignored the alleged misconduct by his police officers. The Texas Slander Laws follow closely the decisions of the United States Supreme Court. Fairly recently, the United States Supreme Court decided *Milkovich v. Lorain Journal*

*Co.,* 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), wherein that Court rejected its earlier language in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and clearly held, as appellee claims that there is no such thing as a protected opinion which implies or asserts a fact. See also *First State Bank of Corpus Christi v. Ake,* 606 S.W.2d 696, 699 (Tex.Civ.App—Corpus Christi 1980, writ ref'd n.r.e.).

We decide, as a matter of law, that the public statements made by appellant which were alleged by appellee to have been slanderous were in fact specific and capable of being defamatory and were made with such a reckless disregard for their truth or falsity that the issue of malice is raised and because of the contradictions in this record that only a jury can resolve, we have no recourse but to overrule the second point of error and affirm the trial court's order.