Eliseo BORREGO, Jr. and his wife,
Elsa Borrego, Appellants,

v.

The CITY OF EL PASO, Appellee.

No. 08–97–00014–CV.

Court of Appeals of Texas,
El Paso.

March 12, 1998.

Ken Slavin, Brower & Slavin, El Paso, for Appellant.

John Gates, Assistant City Attorney, Charlie F. McNabb, City Attorney, Laura P. Gordon, Assistant City Attorney, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

McCLURE, Justice.

Eliseo Borrego, Jr. and Elsa Borrego, Appellants, appeal from a summary judgment entered in favor of The City of El Paso, Appellee, based upon governmental immunity. By a single point of error, Appellants challenge the trial court's granting of the

summary judgment. We reverse and remand for a new trial.

### FACTUAL SUMMARY[1]

On May 3, 1992, Appellants were involved in an accident on Avenue of the Americas when their vehicle turned over on a wet road. The El Paso Police Department, El Paso Fire Department, and Emergency Medical Service ("EMS") responded to the call. Mrs. Borrego was placed in an ambulance. Mr. Borrego, who had been walking around the scene for ten to fifteen minutes, ultimately consented to treatment by EMS personnel. The EMS personnel immobilized Mr. Borrego on a backboard in the middle of the street. A vehicle driven by Manuel Lechuga Espinoza careened into the group. Upon seeing the vehicle coming towards them, the EMS personnel abandoned Mr. Borrego in the middle of the street where he was run over by Espinoza's vehicle. Summary judgment was granted in favor of the City.

### STANDARD OF REVIEW

 We must first establish the principles governing the review of summary judgments on appeal. Summary judgment is proper if the record demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. See TEX.R.CIV.P. 166a(c). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn.,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). Unlike other final judgments reviewed on appeal, we do not review the summary judgment evidence in the light most favorable to the judgment of the trial court. *Continental Savings Association v. Collins,* 814 S.W.2d 829, 831–32 (Tex. App.—Houston [14th Dist.] 1991, no writ). As explained in *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985), the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is

---

1. Since this case involves the issue of summary judgment, all facts favorable to the non-moving party are taken as true. Therefore, all facts have

come from Borregos' Response to the City of El Paso's Motion for Summary Judgment unless otherwise indicated.

entitled to summary judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, all admissible evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant, and all doubts resolved in the non-movant's favor.

## SOVEREIGN IMMUNITY

The City of El Paso is a governmental unit generally immune from tort liability except where that immunity has been specifically waived by the legislature. The Texas legislature has waived such immunity in certain limited circumstance, including:

(1) property damage, personal injury, and dealt proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of the motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

A governmental unit specifically retains its immunity, however, in claims arising from:

[T]he action of an employee while responding to an emergency call ... if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.055.[2]

### USE OF TANGIBLE PERSONAL PROPERTY

Appellants contend that the use of tangible personal property by the EMS attendants was the proximate cause of the personal injuries of Mr. Borrego and thus the City is not entitled to governmental immunity under TEX.CIV.PRAC. & REM.CODE ANN. § 101.021. The City responds that the Texas Tort Claims Act (the "Act") only allows for a waiver of immunity when the injury is caused by the inadequate or inappropriate nature of the property—its "condition"—such as a defect. The City further argues that there must be a causal connection between the use of the property and the actual injuries sustained.

 An allegation of defect or inadequacy of tangible property is not necessary to state a cause of action under the Act if "some use" of the property, rather than "some condition" of the property, is alleged to be a contributing factor to the injury. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32 (Tex. 1983). "Use" is defined in the context of this statute as "to put or bring into action or service; to employ for or apply to a given purpose." *Id.* at 33. It is uncontroverted the EMS utilized a backboard to immobilize Mr. Borrego in the middle of a wet roadway. In the process, a vehicle careened out of control striking Mr. Borrego who had been left alone in the roadway by EMS. Mr. Borrego testified in his deposition that because his head was strapped to the board, his line of sight was impaired and he was unable to see the vehicle approaching. The causal connection between the use of the property and the injuries sustained is shown by the use of the backboard by EMS and their failure to assist Mr. Borrego to move out of harm's way when he was unable to do so because of the backboard. Therefore, Appellants' argument that the City waived its immunity based upon the use of tangible personal property is sustained.

### EMERGENCY EXCEPTION TO THE ACT

The City also contends that the Act's waiver of governmental immunity does not apply

---

**2.** The 1995 amendment, in subd. (2), inserted "not" preceding "taken with conscious indiffer- ence." Since the instant case was filed in 1992, the pre-amendment version is used.

in this case because the EMS and fire department personnel were responding to an emergency. Pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 101.055(2), the emergency exception applies only if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is taken with conscious indifference or reckless disregard for the safety of others.

At trial, if the evidence raised the issue, it would be for the jury to determine whether the elements of Section 101.055, such as the existence of an emergency and compliance with ordinances or statutes, were satisfied. *Mejia v. City of San Antonio,* 759 S.W.2d 198, 200 (Tex.App.—San Antonio 1988, no writ). A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to the plaintiff's cause of action and movant is entitled to judgment as a matter of law. *Id.* The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine fact issue. *Id.citing Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). Thus, in fulfilling its burden, the City must show that the actions of the EMS personnel were in compliance with any applicable laws or ordinances so as to leave no genuine question of fact about such compliance. *Mejia,* 759 S.W.2d at 201. The City did not make that showing in the required specific sense in order to establish as a matter of law that no genuine issue of material fact existed.

Further, the mere fact that the EMS personnel were assisting Mr. Borrego at the scene of an accident does not necessarily constitute an emergency situation. *Hartman v. Hardin Memorial Hospital,* 587 S.W.2d 55, 56 (Tex.Civ.App.—Beaumont 1978, no writ)(nurse administering injection to minor child in emergency room did not establish emergency situation). Prior to being immobilized on the backboard by EMS, Mr. Borrego had been walking around the scene of the accident for some ten to fifteen minutes. There are no facts in the record to indicate that an emergency existed at the time Mr. Borrego was immobilized.

## OFFICIAL IMMUNITY

The City asserts that it is entitled to governmental immunity because EMS, fire, and police personnel have official immunity with respect to their actions. Official immunity is an affirmative defense. *Victory v. Bills,* 897 S.W.2d 506, 508 (Tex.App.—El Paso 1995, no writ); *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). To establish the defense, the City must show that the disputed incident occurred while its personnel were (1) performing discretionary duties (2) in good faith, and (3) acting within the scope of their authority. *Id.* The underlying purpose of official immunity is to free government officials to exercise their duties without fear of damage suits that would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Victory,* 897 S.W.2d at 508, *citing Tyrrell v. Mays,* 885 S.W.2d 495, 497 (Tex.App.—El Paso 1994, writ dism'd w.o.j.); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 305 (Tex.App.—Fort Worth 1989, writ denied).

The Supreme Court examined the issue of which discretionary acts performed by state-employed medical personnel are entitled to official immunity in *Kassen v. Hatley,* 887 S.W.2d 4, 10 (Tex.1994). The Court found that the good faith performance of governmental responsibilities should not be subject to second-guessing in the courtroom. *Id.* However, once a government health-care provider begins to treat a patient, the duty of care owed to the patient is no different from the duty of care owed by any medical professional. If a doctor or nurse does not perform a medical procedure with the level of care and skill of an ordinarily prudent health-care provider, a patient injured as a result should not suffer without compensation for the sole reason that the doctor or nurse is a governmental employee. *Id.*

Courts have distinguished between governmental and medical discretion, holding that government-employed medical

professionals are not immune from tort liability arising from the negligent exercise of medical discretion. Government-employed medical personnel are not immune from tort liability if the character of the discretion they exercise is medical and not governmental. A state-employed doctor or nurse has official immunity from claims arising out of the exercise of governmental discretion, but is not immune from liability arising from the exercise of medical discretion. Courts should look at the character of the discretion exercised in each instance. *Kassen,* 887 S.W.2d at 11.

At issue here is whether the conduct of the EMS personnel falls under governmental discretion or medical discretion. The EMS personnel made the decision to immobilize Mr. Borrego in the middle of a dark, wet roadway that the personnel knew to be dangerous due to the number of accidents which had occurred in the vicinity. EMS utilized its medical discretion in not moving Mr. Borrego out of the roadway before immobilizing him. Therefore, EMS would not be entitled to official immunity in the event the fact finder determines that the decision was negligent. Material issues of fact are present regarding EMS's use of its medical discretion. Consequently, the City may not be entitled to governmental immunity through the official immunity of the EMS personnel.

## SOLE PROXIMATE CAUSE

The City also contends that the sole proximate cause of Mr. Borrego's injuries was the negligence of Manuel Lechuga, the driver of the vehicle that struck him. If sole proximate cause is found, then there can be no finding that any other act or omission caused a plaintiff's injuries and damages. *Huerta v. Hotel Dieu Hosp.,* 636 S.W.2d 208, 210 (Tex.App.—El Paso 1982), *rev'd on other grounds,* 639 S.W.2d 462 (Tex.1982). The pleadings and evidence raised other issues. Appellants argue that it was the negligent act of EMS personnel in immobilizing Mr. Borrego to a backboard in the middle of the street that was the cause of his injuries and damages. Mr. Borrego may have avoided injury if the EMS personnel had immobilized

him away from the roadway. Proximate cause consists of two element: (1) cause in fact, and (2) foreseeability. *Missouri Pacific Railroad Co. v. American Statesman,* 552 S.W.2d 99, 103 (Tex.1977). Courts have recognized that the question of proximate cause is generally a question of fact but may be a question of law where the evidence is without material dispute and where only one reasonable inference may be drawn therefrom. *Fitzsimmons v. Brake Check, Inc.,* 832 S.W.2d 446, 449 (Tex.App.—Houston [14th Dist.] 1992, no writ). Here, the evidence is disputed and more than one inference may be drawn. Therefore, summary judgment is precluded.

## SUDDEN EMERGENCY

Finally, the City argues that the common law doctrine of "sudden emergency" applies. Under this doctrine, a defendant can be absolved of any wrongdoing if there is evidence that (1) the emergency arose suddenly, (2) unexpectedly, (3) was not caused by the act or omission of the defendant, and (4) that the negligence of the defendant, if any, occurred *after* the emergency arose without giving that person time to deliberate. *Oldham v. Thomas,* 864 S.W.2d 121, 126 (Tex.App.—Houston [14th Dist.] 1993), *aff'd in part, rev'd in part on other grounds,* 895 S.W.2d 352, 360 (Tex.1995). Under the fourth prong of the test, the negligence of the defendant must have occurred after the emergency arose. The City asserts that the car spinning wildly into the scene would fit the sudden emergency requirements. However, Appellants assert that the negligence of the City was in immobilizing Mr. Borrego in the middle of the roadway. As a result, the negligence of the City would have arisen *prior* to the sudden emergency, not after.

We sustain the sole point of error and reverse and remand for a trial on the merits.