Opinion issued August 2, 2007 

 



 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00097-CV

 __________


CITY OF HOUSTON, Appellant


V.


MARY M. BABIN KENNEDY, Appellee




On Appeal from the 215th District Court 

 Harris County, Texas 

Trial Court Cause No. 04-45471-CV




MEMORANDUM OPINION



 Appellant, the City of Houston, ("the City") appeals an order denying its plea
to the jurisdiction on grounds of governmental immunity from suit in a wrongful
death action brought by appellee, Mary M. Babin Kennedy ("Kennedy"), individually
and as the representative of the estate of Joseph Kennedy ("Joseph"), deceased. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). The City
appeals the trial court's order denying its plea to the jurisdiction, and Kennedy
appeals the trial court's orders (1) granting the City's motion for partial summary
judgment on all of her intentional torts claims and (2) granting the City's motion to
dismiss her claims against the individual city employees. We affirm the trial court's
orders granting the motions for partial summary judgment and to dismiss, and we
vacate the order denying the plea to the jurisdiction.

Factual and Procedural Ba
ckground 


The parties submitted no evidence, and our facts thus come from Kennedy's
pleadings, construed liberally in favor of jurisdiction. See Tex. Natural Res.
Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853 (Tex. 2002). On September
3, 2002, between 5:00 a.m. and 5:30 a.m., Kennedy's husband, Joseph, who was a
kidney dialysis patient, became very ill, experienced shortness of breath, lapsed in
and out of consciousness, fell asleep and then awoke again. Kennedy called 9-1-1
and requested that an emergency ambulance be dispatched to their home to transport
Joseph to a hospital emergency room for treatment.

Two Houston Fire Department paramedics, Victor Munoz and Jason Mize ("the
Paramedics"), arrived at the Kennedys' home and immediately went into the bedroom
where Joseph was lying on the bed. Kennedy told the Paramedics that Joseph was
scheduled for dialysis treatment that morning and that the ambulance that transported
him to the dialysis normally picked him up around 9:45 a.m. Kennedy, thinking that
the Paramedics were going to take her husband to the hospital, started preparing to
go with him to the hospital. While Kennedy was gathering Joseph's medicines, she
heard one of the Paramedics tell her husband, that, if they took him to hospital now,
he would have to wait there three to four hours before he could be seen because the
hospital emergency room was so busy. One of the Paramedics told Kennedy that,
because he was going to dialysis in the morning, he could see the doctor then. The
other Paramedic did not say anything. The Paramedics then left the home without
transporting Joseph to the hospital and without saying anything to Kennedy as to why
they did not take Joseph to the hospital.

About four and one-half hours later, at approximately 9:45 a.m., the scheduled
ambulance service arrived to take Joseph to his dialysis appointment at the Northwest
Kidney Center. After Joseph arrived at the center, he complained that he was not
feeling well, and he went into cardiac arrest. Joseph was subsequently transported
to Northwest Memorial Hermann Hospital, where he died later that same day. 
Kennedy alleges that Joseph would not have died if the Paramedics had taken him to
the hospital when they responded to her 9-1-1 call. Kennedy also alleges that the
Paramedics forged Joseph's signature on a Refusal of Service Statement form during
or after they spoke with Joseph.

In her petition, Kennedy sued the City and the Paramedics, individually, for
causing Joseph's death, alleging that the Paramedics were negligent in failing to
transport him to the hospital emergency room when they were called to the Kennedys'
home. In her petition, Kennedy alleges that the City has waived its immunity from
these claims under the Texas Tort Claims Act. (1) Kennedy alleges that the conduct of
the Paramedics and the City violated several city and fire department ordinances and
statutes, including ones with criminal penalties attached to them, and their action was
taken with conscious indifference or reckless disregard for Joseph's safety. Kennedy
has also asserted claims against the City and the Paramedics, individually, for various
intentional torts, including claims for misrepresentations and intentional false
statements, "cover-up," forgery, and criminal conspiracy. Kennedy alleges that her
allegations supporting these claims are "intertwined" with her negligence claims
against the City.

The City and the Paramedics answered Kennedy's petition and filed special
exceptions to the petition and a plea to the jurisdiction. The City also filed a motion
for partial summary judgment with respect to Kennedy's intentional tort claims and
a motion to dismiss the Paramedics as individual defendants. The trial court denied
the City's plea to the jurisdiction, but granted its motions for summary judgment and
to dismiss the Paramedics as individual defendants. After Kennedy filed her Second
Amended Petition in this action, the trial court denied the special exceptions. 

Plea to the Jurisdiction


In its sole issue, the City argues that the trial court erred in denying its plea to
the jurisdiction because Kennedy failed to plead and prove waiver of sovereign
immunity under the Texas Tort Claims Act ("the Act"). Kennedy responds that
waiver of sovereign immunity exists not only under Section 101.021 of the Act, but
also independently under Sections 101.055 and 101.062, which pertain to emergency
services. She asserts that she has pled facts which, if true, establish waiver under all
three of these provisions. We disagree.

Standard of Review 

 In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the court's jurisdiction by alleging a valid waiver of immunity. Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To determine if the
plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to
the extent it is relevant to the jurisdictional issue, the evidence submitted by the
parties." Id. (quoting Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d
864, 868 (Tex. 2001)). If the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiff an opportunity to amend. County of Cameron v. Brown, 80 S.W.3d 549, 555
(Tex. 2002). Because sovereign immunity from suit defeats a trial court's subject-matter jurisdiction, immunity from suit may properly be asserted in a jurisdictional
plea. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex.
2004). 

 We review de novo a trial court's ruling on a jurisdictional plea, construing the
pleadings in the plaintiff's favor and looking to the pleader's intent. Id. at 226; IT-Davy, 74 S.W.3d at 855. Whether the pleader has alleged facts that affirmatively
demonstrate subject-matter jurisdiction is a legal question that we review de novo. 
Miranda, 133 S.W.3d at 226.

Waiver of Governmental Immunity from Suit 

 A municipality such as the City is immune from liability for its governmental
functions unless that immunity is specifically waived. City of LaPorte v. Barfield,
898 S.W.2d 288, 291 (Tex. 1995). By designating the operation of emergency
ambulance service as a governmental function, (2) the Legislature has shrouded this
function with immunity unless a claim falls within one of three specific areas of
liability for which immunity is waived by Section 101.021 of the Act. See Medrano
v. City of Pearsall, 989 S.W.2d 141, 144 (Tex. App.--San Antonio 1999, no pet.);
McKinney v. City of Gainesville, 814 S.W.2d 862, 865 (Tex. App.--Fort Worth 1991,
no writ). Section 101.021 of the Act provides that a governmental unit in the state
is liable for:

 (1) property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:


 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant
according to Texas law; and


 (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to
Texas law.

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).

 Despite the waiver found in Section 101.021, a governmental unit specifically
retains its immunity in claims arising from:

[t]he action of an employee while responding to an emergency call . . .
if the action is in compliance with the laws and ordinances applicable to
the emergency action, or in the absence of such a law or ordinance, if the
action is not taken with conscious indifference or reckless disregard for
the safety of others. 


Tex. Civ. Prac. & Rem. Code Ann. § 101.055(2); Borrego v. City of El Paso, 964
S.W.2d 954, 957 (Tex. App.--El Paso 1998, pet. denied). Similarly, in the case of
9-1-1 emergency services like those involved here, Section 101.062 further provides: 

This chapter applies to a claim against a public agency that arises from an
action of an employee of the public agency or a volunteer under direction
of the public agency and that involves providing 9-1-1 service or
responding to a 9-1-1 emergency call only if the action violates a statute
or ordinance applicable to the action.


Tex. Civ. Prac. & Rem. Code Ann. § 101.062(b).

 Contrary to Kennedy's arguments, Texas courts have held that Sections
101.055 and 101.062 do not provide an independent basis for the waiver of the City's
liability. Section 101.062, like Section 101.055(2), provides additional protection for
a governmental unit because it requires that the plaintiff allege and prove that the
action forming the basis of the complaint violated a statute or ordinance or constituted
conscious indifference. City of El Paso v. Hernandez, 16 S.W.3d 409, 416 (Tex.
App.--El Paso 2000, pet. denied). Accordingly, a governmental unit has no
sovereign immunity in an action involving a claim related to 9-1-1 emergency service
unless (1) governmental immunity is waived under Section 101.021 and (2) the action
violates a statute or ordinance or constitutes conscious indifference to the safety of
a patient. Id. 


Use or Misuse of Tangible Personal Property

 We now turn to an analysis of whether the facts alleged in Kennedy's petition
establish a waiver of sovereign immunity under Section 101.021. Kennedy relies on
paragraph VII of her second amended petition to show that she has pled facts
establishing a waiver of immunity under Section 101.021. Kennedy argues that this
paragraph alleges that Joseph's death was caused by the negligent use of unspecified
medical equipment and or the condition of the equipment. This paragraph provides
in pertinent part that: 

The severity of Joseph L. Kennedy's medical condition should have
been apparent to the paramedics after Plaintiff, Mary Kennedy, told
them that her husband, Joseph L. Kennedy, was a kidney-dialysis
patient, and described his condition as being very severe having
breathing problems, shortness of breath, going in and out of
consciousness, falling asleep and waking up again. The paramedics
could have verified the severity of Joseph L. Kennedy's medical
condition by the use of tangible equipment and personal property
carried by paramedics and used by the Paramedics to check the vital
signs of a patient to determine the severity of his medical condition in
order to decide whether to transport a patient to the hospital's
emergency room.

 The death of Joseph L. Kennedy, Deceased, was proximately
caused by the paramedics' wrongful acts, omissions, or negligent use of
or condition of tangible equipment and personal property in their
possession used to examine Joseph L. Kennedy's vital signs to verify the
severity of his medical condition in order to determine whether to
transport him to the hospital. 


(Emphasis added.)


 Under Section 101.021, "use" is defined in the context of Section 101.021(2)
as "to put or bring into action or service; to employ for or apply to a given purpose."
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996). Mere non-use of
property is insufficient to support a claim under the Tort Claims Act. Id. These
allegations do not establish waiver of the City's immunity based on the use of
personal tangible property or defective property. 

 In this case, the facts alleged by Kennedy do not demonstrate that the
Paramedics operated or used any medical equipment either in a wrongful or negligent
fashion as required to waive immunity under Section 101.021 of the Act. Instead,
Kennedy alleges that the Paramedics could have used the equipment that they carried
to properly evaluate Joseph before making the decision not to transport him to the
hospital emergency room. The gravamen of Kennedy's complaint is that the
Paramedics made an incorrect medical decision regarding whether Joseph had a life-threatening emergency and, as a result, they did not transport him to the hospital
emergency room. In other words, Kennedy's complaint is essentially about the non-use of the equipment and misuse or non-use of intangible information--observations
regarding Joseph's health and the statements by Kennedy--neither of which fall
within Section 101.021(2). See City of Orange v. Jackson, 927 S.W.2d 784, 786-87
(Tex. App.--Beaumont 1996, no writ) (explaining that arresting officer's decision 
to take injured arrestee to jail did not constitute negligent operation or use of squad
car or misuse of tangible personal property; real basis of the claim is the failure to use
the police car to take arrestee to a medical facility); see also Clark, 923 S.W.2d at
584; Univ. of Tex. Med. Branch at Galveston v. York, 871 S.W.2d 175, 178-79 (Tex.
1994). Accordingly, Kennedy has not pled facts establishing a waiver of immunity
under Section 101.021. Because Kennedy has not met the threshold statute, it is
unnecessary for us to consider whether she has pled facts establishing waiver under
Sections 101.055(2) and 101.062. The trial court erred in denying the City's plea to
the jurisdiction. We sustain the City's sole issues.Motions for Partial Summary Judgment

In her first issue, Kennedy argues that the trial court erred in granting the City's
Motion for Partial Summary Judgment regarding intentional tort claims because they
are "intertwined" and a part of her allegations of a waiver of the City's immunity
under the Tort Claims Act. We disagree. 

 It is well established that the waiver of immunity under the Torts Claim Act
does not apply to claims for intentional torts. Tex. Civ. Prac. & Rem. Code Ann.
§ 101.057; Pineda v. City of Houston, 175 S.W.3d 276, 281-82 (Tex. App.--Houston
[1st Dist.] 2004, no pet.). Assuming that the allegations are not intended to be
separate causes of action against the City, they still do not claim any use of tangible
personal property or allege any other basis for the waiver of immunity under Section
101.021. Rather, these allegations support Kennedy's arguments for waiver under
Sections 101.055(2) and 101.062. As noted above, these alleged statutory violations
are irrelevant in light of Kennedy's failure to plead waiver under the threshold
Section 101.021. We overrule Kennedy's first issue. 

Motion to Dismiss

 In her second issue, Kennedy argues that the trial court erred in dismissing the
Paramedics under Section 101.106 of the Act because the trial court had considered
a previous, similar motion and denied it. Kennedy also argues that the motion should
have been denied because she sued the Paramedics "individually, on other causes of
action, which are not under the Texas Tort Claims Act." We disagree.

 Kennedy has cited no authority for the proposition that a trial court cannot
reconsider a motion to dismiss in a pending case. Furthermore, the language of
Section 101.106 creates a mandatory election of remedies. (3) Because Kennedy asserts
claims against the City under the Act, any cause of action against the Paramedics,
individually, arising from the same cause of action must be dismissed. See Villason
v. O'Rourke, 166 S.W.3d 752, 761-62 (Tex. App.--Beaumont 2005, pet. filed)
(citing Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000)) (explaining that statutory
construction dictates that Section 101.106 prevails over less specific statutes and
procedural rules). Accordingly, we overrule Kennedy's second issue.

Conclusion

 We affirm the trial court's orders granting the City's motion for partial
summary judgment on the intentional tort claims and granting the motion to dismiss
the individual paramedics. We vacate the order denying the City's plea to the
jurisdiction, and we dismiss the non-intentional tort claims against the City for want
of jurisdiction.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland
1. The applicable Texas Civil Practices and Remedies Code statutes involved are:
Section 101.021 (establishing governmental liability and waiver for tort claims),
Section 101.0215 (including emergency ambulance services as a governmental
function), Section 101.062 (including 9-1-1 emergency services specifically in the
governmental liability and waiver), Section 101.055 (excluding emergency calls or
situation from governmental liability and waiver where actions were in compliance
with laws, ordinances, and not with reckless disregard for others), Section 101.057
(excluding intentional torts from the governmental liability and waiver), Section
101.106 (excluding all other remedies once a governmental unit suit has been filed).
2. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(18) (Vernon 2005).
3. "The filing of a suit under this chapter against a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit or
recovery by the plaintiff against any individual employee of the governmental unit
regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. §
101.106(a).