Dolores **MEJIA**, Individually and as Personal Representative of the Estate of Carlos Mejia, Deceased, Appellant,

v.

The **CITY OF SAN ANTONIO**, Appellee.

No. 04–88–00042–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1988.

David McQuade Leibowitz, Edward Schweninger, Law Offices of David McQuade Leibowitz, San Antonio, for appellant.

Sharon E. Calloway, Groce, Locke & Hebdon, San Antonio, for appellee.

Before BUTTS, CANTU, and CHAPA, JJ.

## OPINION

BUTTS, Justice.

The mother of Carlos Mejia, deceased, appeals from a take nothing summary judgment granted in a wrongful death and survival action against the City of San Antonio. The trial court found that "all the acts of Defendant complained of by Plaintiff in her petition, are actions for which there exists no exception under the Texas Tort Claims Act." Appellant attacks the granting of the summary judgment in three points of error. We sustain the second point: that the summary judgment evidence was insufficient to establish as a matter of law that the claim was barred by the doctrine of governmental immunity.

Mejia was injured in an automobile collision on November 24, 1983. City of San

Antonio Emergency Medical Service (EMS) technicians arrived at the scene of the collision and transported Mejia to his home, but not to a hospital. On the same day, Mejia checked himself into a hospital and died shortly thereafter.

Appellant answered written interrogatories propounded by the City of San Antonio. Appellant thereafter amended her petition. The City responded to appellant's requests for production, which responses included an autopsy report, police traffic accident report, EMS report, and the Standard Operating Procedure Manual for San Antonio/Bexar County EMS. Also included were copies of a City Ordinance and a City Resolution concerning EMS, Rules established by the Texas State Board of Medical Examiners, and the Emergency Medical Services Act, TEX.REV.CIV.STAT. ANN. art. 4447o (Vernon 1983). The City then moved for summary judgment stating that there is no exception to governmental immunity under the Texas Torts Claims Act for the actions complained of by the plaintiff, citing TEX.CIV.PRAC. & REM. CODE ANN. § 101.055 and *Brantley v. City of Dallas*, 545 S.W.2d 284 (Tex.Civ. App.—Amarillo 1976, writ ref'd n.r.e.).[1]

Within days of filing its summary judgment motion the City filed its Second Amended Original Answer in which it pleaded that no exception existed under the Texas Tort Claims Act to the City's governmental immunity. Appellant then filed her Second Amended Original Petition which alleged failure "to properly use the emergency medical equipment available" in the EMS vehicle, and failure "to properly use the EMS vehicle ...," and also filed a response to the City's motion for summary judgment seeking to distinguish *Brantley, supra*, from the instant case. Approximately five weeks later, the court entered its order of summary judgment.

Appellant in her first two points of error claims she did not fail to allege a cause of action within the provisions of the Tort

---

**1.** *Brantley* stands for two propositions relevant to this case: (1) that an emergency ambulance service is a governmental function, and (2) that refusal of an emergency service technician to transport an individual does not constitute a "use" or "operation" of a motor vehicle within the meaning of the Texas Tort Claims Act.

Claims Act and that the City's summary judgment evidence was insufficient.

■ One of the arguments in appellant's response to the City's summary judgment motion was that the City's EMS constitutes a proprietary rather than a governmental function, and, therefore, the City is not entitled to immunity for the actions of its EMS employees. It has been held, and we agree, that provision of emergency medical service by a city is a governmental, and not a proprietary function. *Brantley v. City of Dallas*, 545 S.W.2d at 285. A municipality is not liable for damages due to the negligence of its employees in the performance of governmental functions unless such negligence falls within the limited statutory waiver of the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–.109. *Id.* The waiver provision states:

> A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021.

■ Section 101.055 of the Texas Tort Claims Act, upon which the City further based its motion for summary judgment, states:

This chapter does not apply to a claim arising:

. . . . .

(2) from the action of an employee while responding to an emergency call or reacting to an emergency situation *if the action is in compliance with the laws and ordinances applicable to emergency action,* ... (emphasis added.) [2]

At trial, if the evidence raised the issue, it would be for the jury to determine whether the elements of § 101.055, such as the existence of an emergency, and compliance with ordinances or statutes, were satisfied. *See City of San Antonio v. Higle,* 685 S.W.2d 682, 689 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Since appellant's petition challenged the actions of City EMS technicians in an emergency situation, and the summary judgment evidence includes various requirements of statutes and regulations concerning supervision and training of EMS technicians, as well as other matters concerning delivery of EMS care, there emerges a palpable fact issue: whether the EMS technicians' actions were in compliance with applicable laws and ordinances.

A defendant who moves for summary judgment has the burden to show as a matter of law that no material issue of fact exists as to the plaintiff's cause of action and movant is entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 436 (Tex.1983). The question on appeal is not whether the summary judgment proof raises a fact issue, but whether the summary judgment proof establishes as a matter of law that there is no genuine fact issue. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970). Thus, in fulfilling its burden to show a lack of a material or genuine fact issue, the City must show that the actions of the EMS technicians were in compliance with any applicable laws or ordinances so as to leave no genuine question of fact

2. When the cause of action accrued in 1983, the statute was Tort Claims Act, ch. 292, § 14(8), 1969 Tex.Gen.Laws 1, 878, *repealed* and *revised* by Act of June 16, 1985 eff. Sept. 1, 1985 ch. 959, § 1, 1985 Tex.Gen.Laws vol. 3, p. 3304, *amended* by Act of June 16, 1987 eff. Sept. 2, 1987 ch. 2, § 3.05, 1st C.S., 1987 Tex.Gen.Laws vol. 4, p. 49. The language material to this case has for all practical purposes, remained unchanged.

about such compliance. We hold the City has not made that showing in the required specific sense in order to establish as a matter of law that no genuine issue of material fact exists.

In addition, the City failed to show that there was no "use" or "operation" of the EMS vehicle within the meaning of the Texas Tort Claims Act so as to leave no genuine issue of fact as to that matter. On the contrary, the summary judgment evidence indicates that Mejia was transported to his home in the EMS vehicle. This gives rise to the fact issue whether Mejia's death "arose from" the use or operation of the EMS vehicle within the meaning of the Act. We hold the City did not sustain its burden to demonstrate conclusively the lack of a genuine fact issue on that question.

It is not necessary that this Court address the third point of error (whether special exceptions addressed to failure to state a cause of action should have been heard before summary judgment was granted) in view of the disposition of the case.

The judgment is reversed and the cause remanded for trial.