**The CITY OF ORANGE, Texas, Appellant,**

v.

**James JACKSON, Individually and on Behalf of Elvida Jordan, Appellees.**

**No. 09–95–372CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 25, 1996.

Decided Aug. 8, 1996.

---

Frank D. Calvert, Benckenstein, Oxford & Johnson, F. Blair Clarke, Beaumont, for appellant.

Clay Dugas, Lauralee Vallon, Orange, for appellees.

Before WALKER, C.J., and STOVER and HILL [1], JJ.

## OPINION

HILL, Justice (Assigned).

The City of Orange appeals from the denial of its motion for summary judgment in an action brought by the estate and survivors of Elvida Jeanice Jordan, who died after being arrested and placed in the Orange County jail by police officers of the City of Orange. This interlocutory appeal is authorized by TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon 1986 & Supp.1996). The City contends in four points of error that the trial court erred in denying its motion for summary judgment because: (1) it is entitled to sovereign immunity since no tangible personal or real property caused the deceased's injuries; (2) it cannot be liable if its employees are entitled to official immunity; (3) its employees are entitled to official immunity because they were, at all relevant times, acting within the scope of their authority, in good faith, performing discretionary duties; and (4) its employees had no duty to provide Ms. Jordan with medical care.

We reverse and render judgment that the appellees take nothing in their suit because the City is immune from the appellees' claim by virtue of the doctrine of sovereign immunity, and in this case that immunity is not waived by the provisions of the Texas Tort Claims Act since Ms. Jordan's death did not arise from the use or operation of a motor-driven vehicle or from the use or condition of tangible personal property.

The City of Orange contends in point of error number one that the trial court erred in denying its summary judgment because it is entitled to rely on the doctrine of sovereign immunity since no tangible personal or real property caused any injury to Ms. Jordan.

The City moved for summary judgment, in part because no tangible personal or real property caused any injury to Ms. Jordan. The appellees responded that inasmuch as tangible personal property was used in connection with Ms. Jordan's arrest, such as handcuffs, the police radio, the police dispatcher's telephone, and, particularly, the police car the officers used to transport her to jail, the City is not immune from liability because her death arose from the use of tangible personal property. The movant for

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b)

(Vernon 1988).

summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the non-movants as true. *Id.* at 548–49. We must indulge every reasonable inference in favor of the non-movants and resolve any doubts in their favor. *Id.*

The summary judgment evidence reflects that police officers arrested Ms. Jordan after she entered someone's residence without that person's consent. The officers found Ms. Jordan in what appeared to be an intoxicated state. She was bleeding, apparently from being cut by window glass upon her entry into the residence. The arresting officers booked Ms. Jordan into the Orange County jail, where she was placed into a padded cell. She later died. The physician who conducted the official autopsy determined that she died from a combination of cocaine abuse and the disease Lupus Erythematosus.

■ It is undisputed that the City is not liable in this case, due to the doctrine of sovereign immunity, unless its immunity has been waived by a provision of the Texas Tort Claims Act. Tex. Civ. Prac. & Rem.Code Ann. ch. 101 (Vernon 1986 & Supp.1996). The appellees argue that the City's immunity from liability was waived by the provisions of § 101.021 of the Act. Section 101.021 provides, among other things, that the City would be liable for a death if the death were proximately caused by the wrongful act, omission, or negligence of an employee acting within the scope of employment if the death arose from the operation or use of a motor-driven vehicle or equipment and the use of tangible personal property. Because of the statute's legislative history, the statute has been construed as if it read "or the use of tangible personal property." *Bryant v. Metro. Transit Auth.*, 722 S.W.2d 738, 740 (Tex. App.—Houston [14th Dist.] 1986, no writ). The parties here do not appear to disagree with this interpretation.

The City's summary judgment evidence shows that Ms. Jordan's death did not arise from the operation, use or condition of any motor-driven vehicle or equipment or any of the tangible personal property to which the appellees refer, but instead could have arisen only from her physical condition or from a negligent failure of the officers to have taken her to a medical facility rather than the jail.

■ Ms. Jordan argues that the City does not enjoy immunity from the negligent implementation of a formulated policy, referring to Orange Police Department rules and regulations that provide that an officer is not to jail an injured person without the expressed permission of a physician. She relies on the cases of *State v. Terrell*, 588 S.W.2d 784, 787–88 (Tex.1979); *Jefferson County v. Sterk*, 830 S.W.2d 260 (Tex.App.—Beaumont 1992, writ denied); and *City of Waco v. Hester*, 805 S.W.2d 807 (Tex.App.—Waco 1990, writ denied). In all of these cases, the governmental entity involved invoked an exemption from the waiver of liability contained in § 101.021.

Section 101.055 of the of the Texas Tort Claims Act provides that the Act does not apply to a claim arising from the failure to provide or the method of providing police or fire protection. These cases relied upon by the appellees all hold that this exemption applies to the formulation of policy but not to the negligent implementation of policy. *Terrell*, 588 S.W.2d at 788; *Sterk*, 830 S.W.2d at 262; and *Hester*, 805 S.W.2d at 812. None of these cases hold that a governmental entity's right of sovereign immunity is waived by the negligent implementation of policy even if the death or injury involved did not arise from the use or condition of tangible personal property or from the operation or use of a motor-driven vehicle. In this case the City of Orange contests the waiver of immunity rather than relying on an exemption from such a waiver.

■ The appellees also insist that the arresting officers misused their squad car and other tangible property in taking Ms. Jordan to jail rather than a medical facility. We believe that this case does not involve the operation or use of a motor vehicle or the condition or use of tangible personal property as required for waiver of sovereign immu-

nity under the provisions of § 101.021 because the real basis of the appellees' claims is the failure to use the police car to take her to a medical facility. *See Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 584 (Tex.1996).

The appellees primarily rely on the cases of *Mejia v. City of San Antonio,* 759 S.W.2d 198 (Tex.App.—San Antonio 1988, no writ), and *Vela v. City of McAllen,* 894 S.W.2d 836 (Tex.App.—Corpus Christi 1995, no writ). In *Vela,* the plaintiff was injured when he fell at the police station after being arrested for public intoxication. His pleading alleged negligence with respect to the placement of furniture within the room, although sometimes couched in "failure to use" terms. It is possible in that case that the plaintiff's injuries were caused or arose from the improper arrangement of the furniture. In this case the death of Ms. Jordan arose either from her physical condition or from the Orange Police Department's failure to use its police vehicle to take her to a medical facility. There was no improper use or operation of the police vehicle that took Ms. Jordan to jail.

We agree with the appellees that the opinion in *Mejia, supra,* is inconsistent with our holding here. In that case, the survivor of the deceased and representative of his estate alleged negligence on the part of the City of San Antonio Emergency Medical Service for taking the deceased to his home rather than to a medical facility. The court held that there was a fact issue concerning whether there was a use or operation of the EMS vehicle within the meaning of the Act.

In *Kerrville State Hosp.,* 923 S.W.2d at 584, the plaintiff alleged negligence on the part of certain employees of the Kerrville State Hospital for giving an oral version of a drug rather than an injectionable drug. The court held that this constituted the failure to use tangible property rather than a misuse of tangible property and that failure to use property does not fall within the waiver provisions of the Tort Claims Act. *Id.*

The appellees urge that the use of the police car to take Ms. Jordan to jail rather than to a medical facility constituted the misuse of tangible property so that there could be liability on the part of the City.

This same argument was made in *Kerrville* with respect to the orally administered drug, but the majority rejected the contention. Based upon the principle enunciated in *Kerrville,* we decline to adopt the appellees' contention. We find the Supreme Court's opinion in that case to be inconsistent with the opinion of the court of appeals in *Mejia;* therefore, we decline to adopt the conclusion stated in *Mejia.* We find the facts of this case to be more analogous to *Mejia* and *Kerrville* than to those in *Vela* because *Vela* involved the misarrangement of furniture rather than the failure to use certain furniture. We sustain point of error number one. In view of our determination of this point of error, it is unnecessary to consider the remaining points of error presented.

We reverse and render judgment that the appellees take nothing in their case as to the City of Orange, with costs of court charged to the appellees.

REVERSED AND RENDERED.