Denise LIMON, Plaintiff,

v.

The CITY OF BALCONES HEIGHTS, The Balcones Heights Police Department, and Dwaun Jabbar Guidry, Individually and as a Balcones Heights police officer, Defendants.

No. SA–03–CA–0898–OG.

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 1, 2007.

---

Roger Guevara, Law Offices of Roger Guevara, San Antonio, TX, for Plaintiff.

Charles Straith Frigerio, Attorney at Law, Hector Xavier Saenz, Law Ofcs. of Chas. S. Frigerio, Albert Lopez, Law Offices of Albert Lopez, San Antonio, TX, for Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING CITY'S MOTION FOR SUMMARY JUDGMENT

ORLANDO L. GARCIA, District Judge.

Before the Court are Denise Limon's motion for partial summary judgment (docket no. 39) and the City of Balcones Heights' motion for summary judgment (docket no. 47). Defendant Dwaun J. Guidry was convicted of raping Limon in his patrol car while on duty as a Balcones Heights police officer. That conviction was affirmed. *United States v. Guidry,* 456 F.3d 493 (5th Cir.2006). Limon filed the present civil action against Guidry and the City of Balcones Heights asserting claims under 42 U.S.C. § 1983 and the Texas Tort Claims Act (TTCA). She now seeks partial summary judgment against the City and Guidry on the issue of their liability under § 1983 and the TTCA. For its part, the City seeks summary judgment on all Limon's causes of action.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c): *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only factual disputes "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Section 1983.

Limon's § 1983 complaint against the City is based on its alleged deliberate indifference in the hiring and training of Guidry. Municipalities are not vicariously liable for the actions of their employees under § 1983. Municipal liability inures only when the execution of a local government's policy or custom causes the injury. *Monell v. New York City Dep't of Social Serv.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to hold a municipality liable under § 1983 for its employees' acts, a plaintiff must show that a policy of hiring or training caused those acts. Such a showing requires proof that (1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury. *City of*

*Canton v. Harris,* 489 U.S. 378, 385–87, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989): *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir.1992). Mere negligence falls short of the "deliberate indifference" standard; for governmental liability to attach, Limon must offer evidence of not simply a decision, but a deliberate or conscious decision by the City itself to endanger constitutional rights. *Snyder v. Trepagnier,* 142 F.3d 791, 796, 799 (5th Cir. 1998).

Limon has offered no evidence of a City policy that permits its officers to sexually assault prisoners or detainees. In an effort to show a custom, Limon points to an earlier incident involving Guidry. On November 24, 2002, about a month prior to the rape of Limon, Guidry and another City police officer, Roland Trevino, sexually assaulted five women they had arrested. The undisputed summary judgment evidence shows that the sexual contact between Guidry, Trevino and the women occurred in the City's Detention Center but outside the presence of any other officers or employees of the City of Balcones Heights. Affidavit of Police Chief Menn. No complaint or notice was filed at the time of the incident. *Id.* Guidry raped Limon on December 22, 2002. Limon filed a complaint with the San Antonio Police Department, and Guidry was arrested. *Id.* After being notified of San Antonio's investigation, Balcones Heights opened its own internal affairs investigation of Guidry. *Id.* This investigation led to Guidry's termination on January 3, 2003. *Id.* On January 6, 2003, the City received notice for the first time of the November 24 incident in the form of a lawsuit filed by the victims of the assault. *Id.* The City terminated Officer Trevino that same day. *Id.* Prior to the November 24 incident, Menn had had no problems with any officers using excessive force or making sexual advances toward prisoners or citizens. *Id.*

Limon does not allege any other incidents that would have given the City actual or constructive notice that its failure to train its officers would result in the specific injuries alleged here. *See Pineda v. City of Houston,* 291 F.3d 325, 330 (5th Cir.2002). In fact, the only evidence is that there were no other incidents. While the occurrence of two incidents within one month would seem to mandate that the City review its training and hiring policies, it cannot be said that it had such notice prior to the first incident it was aware of, the rape of Denise Limon. Generally, a showing of deliberate indifference will require a showing of at least a pattern of similar violations arising from the lack of training. *Burge v. St. Tammany Parish,* 336 F.3d 363, 373 (5th Cir.2003).

Moreover, Limon has presented no evidence of what training Guidry received while an employee of the City. The only evidence regarding his training is that Guidry was commissioned by the Texas Commission on Law Enforcement Officers standards and Education (TCLEOSE). City's Motion for Summary Judgment, Exs. A, B. Further, Menn asserts in his affidavit that Guidry's training during his tenure with the City of Balcones Heights exceeds the state-mandated training requirements for peace officers. If a law enforcement department meets the state standards for the training of its law enforcement officers, the plaintiffs cannot sustain a failure-to-train cause of action under § 1983. *Benavides v. County of Wilson,* 955 F.2d 968, 973 (5th Cir.1992): *Gonzales v. Westbrook,* 118 F.Supp.2d 728, 737 (W.D.Tex.2000).

Limon also alleges that the City was deliberately indifferent in hiring Guidry. The only evidence offered by Limon is a document in Guidry's personnel file from a former employer that states that Guidry "was rough with inmates" and that he "got friendly with female prisoners."

Plaintiff's Motion for Partial Summary Judgment, Ex. B.[1] "To defeat summary judgment, the proffered evidence must be sufficient to create an issue of material fact whether a reasonable officer would conclude that the obvious consequence of hiring [Guidry] would be that he would sexually harass, [or] sexually assault ... a third person. In other words, the evidence must demonstrate that [Chief Menn] was deliberately indifferent to this obvious consequence." *Gros v. City of Grand Prairie,* 209 F.3d 431, 435 (5th Cir.2000); *see also Rhyne v. Henderson County,* 973 F.2d 386, 392 (5th Cir.1992) (the basis of § 1983 liability "must amount to an intentional choice, not merely an unintentionally negligent oversight"). Notice of a pattern of similar violations that point to the specific violation in question is required. *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir.2005); *see also Bd. of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 411, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) ("Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'").

Even if the isolated statement that Guidry "got friendly with female prisoners" at his former job could be said to put the City on notice that Guidry had engaged in inappropriate behavior with female prisoners in the past, it does not rise to the level of evidence of a constitutional violation. The document suggests at best that Chief Menn might have been negligent in failing adequately to review Guidry's employment records with the previous employer and in ultimately deciding to hire him, but it does not provide sufficient evidence of a deliberate indifference to constitutional rights. *See Aguillard v. McGowen,* 207 F.3d 226, 230 (5th Cir.2000) (county officer was convicted of murder for a shooting committed while he was on duty; his record contained a report that he had assaulted and pistol-whipped a teenage boy who was driving his car around the officer's apartment complex; circuit court reversed the denial of county's motion for judgment as a matter of law reasoning that the officer "had never wrongfully shot anyone before, nor did his record reveal him to be likely to use excessive force in general or possess a trigger-happy nature in particular"). The allegation that Guidry "got friendly with female prisoners" would not "make it plainly obvious to an official screening his background that Guidry would be likely to commit the acts in question." *Adams v. City of Balcones Heights,* SA-03-CA-0219-XR, 2004 WL 1925444 at *6 (W.D.Tex. Aug.27, 2004).

### Texas Tort Claims Act.

█ Limon argues that the City waived its immunity under the TTCA and consented to this suit when it removed her state court action to this Court. The case she relies on to support her argument, however, concerns a state's waiver of its *Eleventh Amendment* immunity. *See Lapides v. Board of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 619–20, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) ("the question before us now is whether a State waives [its

---

1. The Court notes that this document, like all plaintiff's exhibits, is not authenticated. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (unauthenticated documents do not constitute proper summary judgment evidence). There are also handwritten notes on the document, but it is unknown who made the notes, when they were made, or where the information came from. The Court will nevertheless discuss the exhibit as if it were proper summary judgment evidence.

Eleventh Amendment] immunity when it removes a case from state court to federal court").[2] *Lapides* does not address whether removal waives governmental immunity under a state tort claims act and is therefore not in point.

 The TTCA does not waive sovereign immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Texas Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001); Tex. Civ. Prac. & Rem, Code § 101.057(2). Limon attempts to cast the intentional act of rape as a negligent act on the part of the rapist by arguing that Guidry should have been aware of his own tendencies to commit sexual assault and therefore should not have transported Limon in his patrol car. While a claim for negligence will not be barred by sovereign immunity when the claim does not arise out of the assault but rather out of another employee's negligence that allows the assault to occur, that is not the allegation here. Here, the assault was Guidry's alone and did not involve complicity on the part of another City employee. A holding that the Tort Claims Act does not bar a suit against a governmental employee because the employee "negligently allowed himself to commit an intentional act" would render meaningless the Act's intentional tort immunity. "Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence." *Lopez–Rodriguez v. City of Levelland,* 100 Fed.Appx. 272, 275 (5th Cir. 2004).

 Limon also argues that sovereign immunity is waived because her rape, which occurred in Guidry's patrol car, falls within the exception created by the Act for injuries arising from the use of a motor driven vehicle. The Tort Claims Act provides that a municipality is liable for the negligence of an employee acting within the scope of his employment if the injury "arises from the operation or use of a motor-driven vehicle . . . ." Tex. Civ. Prac. & Rem.Code § 101.021.

Limon's argument must fail for at least two reasons. First, as already discussed, Guidry's act was intentional rather than negligent. Second, for waiver to apply, the use of the motor-driven vehicle must actually cause the injury. *See Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex.2003) ("the operation or use of a motor vehicle 'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" (quoting *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998))). For example, *Holder v. Mellon Mortgage Co.,* 954 S.W.2d 786 (Tex.App.—Houston [14th Dist.] 1997), *rev'd on other grounds,* 5 S.W.3d 654 (Tex. 1999), involved a factual scenario very similar to that of the present case. In that case, Potter, a Houston police officer, stopped Holder for an apparent traffic violation. *Id.* at 789. Potter ordered Holder to follow him to a parking garage where he sexually assaulted her. *Id.* Holder sued the City of Houston, but the trial court granted summary judgment for the City based on governmental immunity. *Id.* at 790. The appellate court affirmed, holding that the link between the use of the police car and the injury was not sufficient to bring the claim within the Tort Claim Act's waiver of immunity. *Id.* at 807. The court concluded:

> In this case, the use of the patrol car was not the "direct device" causing Holder's injury, and the "required causal nexus" for liability under the [Tort

**2.** The other case she cites. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), does not address a removal issue at all.

Claim Act] is missing. Instead, Holder was injured by Potter's intentional assault. *Id.*

■■ To the extent that Limon argues that Guidry was negligent in his implementation of the City's policy regarding the transportation of female prisoners, that cause of action must also fail. The negligent implementation theory of liability does not itself waive immunity. *Perez v. City of Dallas,* 180 S.W.3d 906, 911 (Tex.App.-Dallas 2005, no pet.); *City of Orange v. Jackson,* 927 S.W.2d 784, 786 (Tex.App.-Beaumont 1996, no writ). A plaintiff must first establish a waiver of immunity under some other provision of the Tort Claims Act before he or she can invoke a claim of negligent implementation. *Jackson,* 927 S.W.2d at 786. Further, "a governmental entity's right of sovereign immunity is [not] waived by the negligent implementation of policy . . . if the death or injury involved did not arise from the use or condition of tangible personal property or from the operation or use of a motor-driven vehicle." *University of Tex. Health Sci. Ctr. at San Antonio v. Bruen,* 92 S.W.3d 24, 28 (Tex.App.—San Antonio 2002, pet. denied) (quoting *Jackson,* 927 S.W.2d at 786); *see* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(A). Because Limon cannot establish a waiver of immunity under § 101.021, her claim of negligent implementation is unavailing. Limon's state-law claims against the City are barred by the TTCA.

Plaintiffs motion for partial summary judgment is DENIED. The City of Balcones Heights' motion for summary judgment is GRANTED. Plaintiff's causes of action against the City are DISMISSED with prejudice.