ACCEPTED
03-14-00326-CV
4076854
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 3:16:32 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-14-00326-CV

## IN THE COURT OF APPEALS
## FOR THE THIRD JUDICIAL DISTRICT
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 3:16:32 PM
JEFFREY D. KYLE
Clerk

BOARD OF REGENTS, TEXAS STATE UNIVERSITY SYSTEM
AND TEXAS STATE UNIVERSITY,

*Appellants,*

**v.**

STEPHANIE PAIGE STEINBACH,

*Appellee.*

On Appeal From the 428th Judicial District Court of Hays County, Texas
Trial Court Cause No. 10-0281
The Honorable R. Bruce Boyer, Judge Presiding

# APPELLANTS' REPLY BRIEF

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
for Defense Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

NICHELLE A. COBB
Assistant Attorney General
State Bar Number 00786301
Tort Litigation Division, MC-030
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2197 - Telephone
(512) 463-2224 - Facsimile

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................... iii

REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER ONE
(APPELLEE'S BRIEF, PAGE 15-30) .......................................................2

REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER TWO
(APPELLEE'S BRIEF, P. 31-35) ..............................................................7

REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER THREE
(APPELLEE'S BRIEF, P. 36-39) ..............................................................9

REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER FOUR
(APPELLEE'S BRIEF, P. 36-39) ............................................................11

CONCLUSION ..............................................................................................13

PRAYER .......................................................................................................13

CERTIFICATE OF COMPLIANCE .............................................................15

CERTIFICATE OF SERVICE ......................................................................15

# INDEX OF AUTHORITIES

**CASES**

*Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406 (Tex. 2006) ......................2, 5, 6

*City of Dallas v. Thompson,* 210 S.W.3d 601 (Tex. 2006) (per curiam) ..................4

*City of Orange v. Jackson,*
    927 S.W.2d 784 (Tex.App.—Beaumont 1996, no writ) ..............................11

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97 (Tex. 2000) ....................................5, 6

*Esco Oil & Gas, Inc. v. Sooner Pipe & Sup. Corp.*,
    962 S.W.2d 193 (Tex. App. Houston [1st Dist.] 1998, pet. denied)............6, 7

*Harris County v. Dillard*, 883 S.W.2d 166 (Tex. 1996) ................................. 8

*Keetch v. Kroger Co.*, 845 S.W. 2d 262 (Tex. 1992) .................................................8

*Leleaux v. Hamshire-Fannet ISD*, 835 S.W.2d 49 (Tex. 1992) ...................... 8

*Stephen F. Austin University* v. *Flynn*, 228 S.W.3d 653 (Tex. 2007).....................10

*Tarrant County Water Control and Imp. Dist. No. 1 v. Crossland*,
    781 S.W.2d 427(Tex.App.—Fort Worth, 1989.) ...................................10, 11

*Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004).... 8

*Wal-Mart Stores, Inc. v. Diaz*, 109 S.W. 3d 584 (Tex.App.—Fort Worth 2003) .....6

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934 (Tex.1998).............................5

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002*)...................................5

**RULES**

Texas Rules of Appellate Procedure, Rule 38.3 ............................................. 1

**STATUES**

Texas Civil Practice & Remedies Code §101.021....................................................11

Texas Civil Practice & Remedies Code §101.021(2) ..................................... 8, 9

Texas Civil Practice & Remedies Code §101.056 ...................................................10

Texas Civil Practice & Remedies Code §101.061.............................................11, 12

**IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS**

**BOARD OF REGENTS, TEXAS STATE UNIVERSITY SYSTEM
AND TEXAS STATE UNIVERSITY,**

*Appellants,*

**v.**

**STEPHANIE PAIGE STEINBACH,**

*Appellee.*

On Appeal From the 428th Judicial District Court of Hays County, Texas
Trial Court Cause No. 10-0281
The Honorable R. Bruce Boyer, Judge Presiding

# APPELLANTS' REPLY BRIEF

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellants, Board of Regents, Texas State University System and Texas State University, pursuant to Rule 38.3, Texas Rules of Appellate Procedure and submits this Brief in Reply to the Appellee's Brief. Appellee, Stephanie Paige Steinbach, has failed to allege facts sufficient to establish that her claim for damages falls within the waiver of Appellants' immunity under the Tort Claims Act. The Court should reverse the trial court's judgment denying Appellants' plea to the

jurisdiction, motion for summary judgment and no evidence motion for summary judgment and dismiss the case for lack of subject-matter jurisdiction.

**REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER ONE**
**(APPELLEE'S BRIEF, P. 15-30)**

**A.     Steinbach Has Not Offered Evidence That the Stairs Were an Unreasonably Dangerous Condition.**

Steinbach produced no evidence that on the day in question, Appellants had actual or constructive knowledge that a condition existed on its premises that created an unreasonable risk of harm. In the instant case, Steinbach has alleged both the rubberized material on the staircase and the spilled liquid substance constituted an unreasonably dangerous condition.   Steinbach has impermissibly attempted to merge these allegations into one premises liability claim, when the evidence shows that the only unreasonably dangerous condition in this case was the spilled liquid substance on the staircase, not the staircase itself.  B*rookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

In *Brookshire Grocery Co*, Plaintiff Mary Francis Taylor sued Brookshire Grocery Co. for injuries she suffered to her knee when she slipped and fell on a piece of partially melted ice on a tile floor in front of a self-service soft drink dispenser in the grocery store. *Id* at. 407.  Taylor argued that both the dispenser and the particular piece of ice on which she slipped was an unreasonably

dangerous condition, and that Brookshire was well aware of the risks the dispenser posed to customers. *Id* at 408. Brookshire argued the ice on which Taylor slipped was the only unreasonably dangerous condition and that they did not have actual knowledge of the ice on which Taylor slipped. *Id* at 409. They further argued there was no evidence that the condition had existed long enough, the ice not having fully melted, for them to have constructive notice. *Id* at 409. The Texas Supreme Court agreed. The judgment of the court of appeals was reversed and judgment was rendered in favor of Brookshire. *Id* at 409.

As stated, the only unreasonably dangerous condition in this case was the spilled liquid substance on the staircase. Steinbach produced no evidence Appellants had actual knowledge of the spilled liquid substance on the staircase prior to her fall and Steinbach produced no evidence the spilled liquid was on the staircase long enough for the Appellants to discover.

**B.    No Evidence Appellants Had Actual Knowledge of the Alleged Condition.**

Belinda Frazier, the custodian assigned to the staircase where Steinbach fell, testified she had no knowledge of the clear liquid substance on the stairs before Steinbach's accident. [CR 342]. She further testified she was not notified by a Resident Advisor or any students of any spills on the stairs that day. [CR 342].

Even if the custodians had noticed, the Texas Supreme Court has expressly stated that the possibility of an employee's awareness of a problem on the premises

3

does not itself constitute actual knowledge. *City of Dallas v. Thompson,* 210 S.W.3d 601, 602 (Tex. 2006) (per curiam).  In *City of Dallas v. Thompson*, a plaintiff was injured when she tripped on a coverplate that had become loose and protruded slightly from an airport floor.  The Texas Supreme Court held that without evidence showing how long the alleged protrusion had existed, the proximity of the employees is no evidence of actual knowledge. *Id* at 603-04.  The Texas Supreme Court also held that evidence of past accidents more than three years prior and evidence of a subsequent repair did not constitute actual knowledge. *Id* at 604.  Steinbach has failed to show that Appellants had actual knowledge of the spilled liquid substance on the staircase in Sterry Hall prior to her fall.  Steinbach has not met her burden of proof on this critical jurisdictional element.

**C.**   **No Evidence Appellants Had Constructive Knowledge of the Alleged Condition.**

Steinbach concedes she does not have a "smoking gun" proving Appellants' actual knowledge of an unreasonably dangerous condition and that the Court's focus should be on Appellants' constructive knowledge of the dangerous condition instead. (Appellee's Brief Pages 8-9).  Steinbach's evidence, however, has also failed to show Appellants had constructive notice of the spilled liquid substance on the staircase leading to the laundry room in Sterry Hall prior to her fall.

For a property owner to have constructive notice of a premises defect, the defect must have existed long enough for the owner or occupier to have discovered it upon reasonable inspection. See *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002*); Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). To impose constructive knowledge when the owner or occupier did not have actual knowledge and would not have discovered the dangerous condition from a reasonable inspection is to dramatically alter premises law. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000); see also *Brookshire Grocery*, 222 S.W.3d at 409.

Steinbach offered no evidence as to when the liquid was spilled on the staircase. Nothing in the record indicates that Appellants should have been aware that there was liquid spilled on the staircase leading to the laundry room at Sterry Hall prior to Steinbach's fall. Nothing in the record indicates that the custodians who cleaned the area knew of the problem and failed to report it. Nothing in the record indicates the Resident Advisor or any student informed the University of any spills on the stairs on that day. [CR 342]. Likewise, there is no evidence that Appellants' employee spilled the clear liquid substance. [CR 314]. As such Steinbach has not produced evidence demonstrating Appellants had constructive knowledge of the spilled substance on the staircase prior to Steinbach's fall.

**D.** **Steinbach Has Not Alleged Evidence That Appellants Failed to Exercise Ordinary Care or That Appellants' Failure Proximately Caused the Accident.**

When a condition is not unreasonably dangerous and the proprietor did not have actual or constructive notice of the defect, the proprietor by definition cannot have failed to exercise ordinary care to warn against the defect, nor can that failure have proximately caused the accident. The Texas Supreme Court has held that a property owner must be on either actual or constructive notice of a defect before he can be liable for failing to exercise ordinary care. See *Wal-Mart Stores, Inc. v. Diaz*, 109 S.W. 3d 584 (Tex. App.—Fort Worth 2003); see also *Brookshire Grocery*, 222 S.W.3d at 408-09; *CMH Homes*, 15 S.W.3d at 102. Because Steinbach has not established facts sufficient to prove Appellants had actual or constructive notice of the defect, she also cannot demonstrate that the Appellants failed to exercise ordinary care or that such failure caused her accident.

**E.** **Conclusion**

Steinbach has not met her burden to allege facts establishing Appellants knew or reasonably should have known of the spilled liquid substance on the staircase leading to the laundry room at Sterry Hall at the time of her fall, she also cannot establish Appellants failed to exercise ordinary care or that Appellants' failure proximately caused her injuries for the reasons articulated. As set forth in *Esco Oil & Gas, Inc. v. Sooner Pipe & Sup. Corp.*, 962 S.W.2d 193, 197 (Tex.

6

App. Houston [1st Dist.] 1998, pet. denied), the plaintiff as the non-movant has the burden to raise a triable issue on each element essential to the plaintiff's case. There being no evidence on a number of essential elements, even under the invitee standard, Steinbach cannot assert a claim within the waiver of the Appellants' immunity.

Issue Number One should be sustained and judgment rendered in favor of the Appellants.

## REPLY TO APPELLEE'S AGRUMENT ISSUE NUMBER TWO
### (APPELLEE'S BRIEF, P. 31-35)

Steinbach contends she has plead sufficient facts to show her claims fall within the Act's waiver of immunity because her claims are based on negligence involving use or misuse of tangible personal property. Steinbach alleges the rubberized material attached to the stairs and flooring leading to the laundry room presented a negligent condition and use of tangible property that proximately caused her injuries and damages. Steinbach asserts Appellants, therefore, have waived their immunity from her suit under both a premises liability and a general negligence theory of liability.

Under the Texas Tort Claims Act, Steinbach is barred from asserting and submitting both premises defect and general negligence theories of liability based on her allegation that she was injured after falling on a clear

liquid substance on the stairs leading to the laundry room in Sterry Hall. (CR. Pages 313-314). Once a claim has been determined to involve a premise defect, Steinbach is confined to pleading and proving a premises defect theory of liability. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). As Steinbach's claim is arguably a premise defect claim, Steinbach is limited to this cause of action and cannot claim or recover for alleged use of tangible personal property pursuant to Section 101.021(2) of the Texas Tort Claims Act.

In addition, even if the Court considered Steinbach's general negligence allegations as claims independent of a premises cause of action, these allegations still would not waive the University's immunity because the allegations do not involve any negligent "use" of tangible personal property by Appellants' employees that allegedly caused Steinbach's injuries. See *Harris County v. Dillard*, 883 S.W.2d 166 (Tex. 1996); *Leleaux v. Hamshire-Fannet ISD*, 835 S.W.2d 49 (Tex. 1992). As the Texas Supreme Court held in *Keetch v. Kroger Co.*, 845 S.W. 2d 262 (Tex. 1992), a negligent use theory of recovery requires that the plaintiff be harmed by or as a contemporaneous result of the activity itself. *Id* at 264. Although Steinbach alleges she was injured by Appellants' previous act of putting rubber mats on the staircase, Steinbach was not

8

injured by any contemporaneous activity by Appellants.

As such, Steinbach has impermissibly attempted to re-cast her claim as a negligent use or condition of tangible personal property. Because Steinbach's claim is arguably a premise defect claim, Steinbach is limited to this cause of action and cannot claim or recover for alleged use of tangible personal property pursuant to Section 101.021(2) of the Tort Claims Act. The trial court erred in denying Appellants' Plea to the Jurisdiction, Motion to Dismiss and No-Evidence Motion for Summary Judgment on Steinbach's general negligence allegations.

Issue Number Two should be sustained and judgment rendered in favor of the Appellants.

## REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER THREE
### (APPELLEE'S BRIEF, P. 36-39)

On page 11 of Steinbach's brief, Steinbach concedes that the placement of the hand rails on the left side of the stairwell and the use of rubberized material leading to the laundry room are discretionary decisions, and therefore, not a waiver of sovereign immunity under the Texas Tort Claims Act. Steinbach alleges a claim for the Appellants' negligent implementation of a policy carried out by the Appellants.

To state a negligent implementation claim; however, Steinbach had to identify a particular policy adopted by Appellants and state facts which raise a claim that the policy was negligently carried out at the operational level. *See*

9

*Tarrant County Water Control and Imp. Dist. No. 1 v. Crossland*, 781 S.W.2d 427, 433 (Tex. App.—Fort Worth, 1989).     Steinbach has failed to do so.  Steinbach failed to identify any specific policy of the Appellants which was negligently implemented by Appellants or plead any facts which would demonstrate the violation of such policy. In short, Steinbach never raised a claim of negligent implementation of policy in her petitions.

The essence of Steinbach's allegation is the spilled liquid substance on the staircase.   Steinbach's attempt to separate Appellants' design decisions regarding the handrails and the choice of materials used on the stairs from her complained of issue - the spilled liquid substance - makes no sense in light of the policy rationale behind §101.056 to preclude courts from second-guessing the State's decision-making process.  *Stephen F. Austin University* v. *Flynn*, 228 S.W.3d 653, 657 (Tex. 2007).  To say that the State is immune from suit for complaints regarding the design of the stairs, but not for the condition that the design created, would render §101.056 meaningless.

As Steinbach's allegations are merely complaints about an alleged unreasonably dangerous condition caused by the clear liquid substance spilled on the stairs in Sterry Hall, these allegations do not present a negligent implementation theory of liability for which Appellants' immunity would be waived.    Any claims by Steinbach implicating the staircase structure, design,

handrails or defective materials are barred by sovereign immunity. Moreover, even if such a claim had been made, the assertion of a negligent implementation theory of liability arises only after Steinbach has properly asserted a waiver of immunity under Texas Civil Practice & Remedies Code §101.021, which she has not. *City of Orange v. Jackson,* 927 S.W.2d 784, 786 (Tex. App.—Beaumont 1996, no writ).

Issue Number Three should be sustained and judgment rendered in favor of Appellants.

## REPLY TO APPELLEE'S ARGUMENT ISSUE NUMBER FOUR
### (APPELLEE'S BRIEF, P. 40)

There is no waiver of immunity based on premises constructed before 1970. It is undisputed that the stairs in Sterry Hall of which Steinbach complains was constructed prior to 1970 and have remained in substantially the same condition since its completion. [CR 302]. Under §101.061 of the TTCA, there is no waiver of immunity for premises defect claims related to structures built prior to 1970. Regardless of Steinbach's contentions of negligence concerning a premises defect, Appellants maintains their entitlement to sovereign immunity to a claim based on an act or omission that occurred before January 1, 1970. Tex. Civ. Practice and Remedies Code Ann. §101.061.

In *Tarrant County Water Control and Imp. Dist. No. 1 v. Crossland*, 781 S.W.2d 427 (Tex. App.—Fort Worth, 1989.), boaters were killed when they struck

their heads on the underside of a bridge. A wrongful death action was brought against several governmental defendants. In reversing a judgment in favor of the Plaintiffs, the Court noted that the reservoir and bridge in question had been completed by 1967 and had not been modified. Plaintiffs complained that the deaths resulted from the failure to place warning lights on the low bridge. Unconvinced by such argument, the Court held that the state cannot be held liable under §101.061 of the TTCA based on the State's failure to include lights, signs, and safety features in the original pre-1970 design. The Appellees in *Crossland*, like Steinbach, were asking this court to hold §101.061 does not apply to the omission of safety devices because the State could have warned of the danger after 1970. *Id* at 433. The Fort Worth Court of Appeals held the plain language of §101.061 does not admit this interpretation. *Id* at 433. In the instant case, Steinbach's failure to offer any evidence of any act or omission of Appellants or the Appellants' agents subsequent to 1970, unrelated to the original design of the stairs in Sterry Hall, failed to penetrate Appellants' veil of immunity outlined in §101.061 of the TTCA.

As Appellants have conclusively established this affirmative defense, as a matter of law, Issue Number Four should be sustained and judgment rendered in favor of Appellants.

## CONCLUSION

Appellants' sovereign immunity under the Texas Tort Claims Act has not been waived. The evidence in this case conclusively negates Steinbach's allegations that Appellants breached the duty of care under the Act with regard to the spilled liquid substance on the staircase leading to the laundry room in Sterry Hall which allegedly injured Steinbach. Steinbach presented no evidence that, at the time of her accident, Appellants had actual knowledge of the presence of the spilled liquid on the staircase leading to the laundry room in Sterry Hall prior to her fall. Even if Steinbach was entitled to the heightened status of an invitee at the time of her accident, Steinbach presented no evidence that the Appellant should have been aware of the spilled liquid on the stairs leading to the laundry room on the day of Steinbach's fall. There is no applicable waiver of Appellants' sovereign immunity under the Act. This Court should reverse the trial court's order denying Appellants' Third and Fourth Supplemental Plea to the Jurisdiction, Motion for Summary Judgment and No-Evidence Motion for Summary Judgment and dismiss Steinbach's lawsuit for lack of subject-matter jurisdiction.

## PRAYER

WHEREFORE, PREMISES CONSIDERED the Appellants pray that this Honorable Court reverse the order of the trial court denying the

Appellants' Third and Fourth Supplemental Plea to the Jurisdiction, Motion for Summary Judgment and No-Evidence Motion for Summary Judgment; and, render judgment dismissing this cause of action with prejudice. Further, Appellants pray that all costs, in the trial court and Court of Appeals, be taxed against the Appellee. The Appellants further pray for all other relief, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

_____
NICHELLE A. COBB
Assistant Attorney General
State Bar #00786301
Tort Litigation Division, MC-030
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463.2197
FAX: (512) 463.2224

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this Appellants' Reply Brief (excluding any captions, identify of the parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature block, proof of service, certification, certificate of compliance, and appendix) is 2,847.

_____
NICHELLE A. COBB
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that on this, the 9th day of February, 2015 at approximately 3:00 P.M. I served a copy of the Appellants' Reply Brief on the party listed below by electronic service concurrently with the electronic filing of the document. The electronic transmission of the document was reported as complete. My e-mail address is Nichelle.Cobb@texasattorneygeneral.gov and my fax number is (512) 457-4442:

Mr. Mark Cusack                        Via Electronic Service
Attorney at Law
242 North Guadalupe Street
San Marcos, Texas 78666
cusacklaw@centurytel.net

_____
NICHELLE A. COBB
Assistant Attorney General